**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHEILA EL-AMIN, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 95-2000 (CKK/JMF) |
| GEORGE WASHINGTON UNIVERSITY, *et al.*, | |
| Defendants. | |

**MEMORANDUM ORDER**

Having reviewed the Sedona Conference publication entitled "Best Practices for the Selection of Electronic Discovery Vendors: Navigating the Vendor Proposal Process" and the record herein, particularly our most recent conference with counsel, I have created a work plan that defines the ultimate goal of what we are trying to accomplish. I would ask counsel to review it carefully and, once they have, I will convene counsel by telephonic conference to hear their objections, additions, and suggestions as to the following:

I. <u>Primary Goal</u>: To create a system whereby all existing documents are hyper-linked to fields in a database that will permit the instantaneous retrieval from within the database of the information offered by plaintiffs in support of any factual proposition.

II. <u>Subsidiary Goals</u>:

    A.    The system must be capable of being easily used by counsel and by the Court.

    B.    The requisite software must be made available to the Court.

  C. The system must be entirely self-contained so that it can be used without reference to any other information to resolve the questions presented by each claim.  To illustrate this requirement, we contemplate a database in which plaintiff could insert the hyperlinked evidence offered in support of a claim, the defendant could state its objection and, if need be, refer to hyper-linked evidence in contradiction or impeachment, and the Court would then provide its ruling.  The following chart is a rough draft of the database system to be created:

| Claim No. | Dr. | Date | Plaintiff's evidence in support | Defendant's objection and any countering evidence | Court's ruling |
|---|---|---|---|---|---|
| 123 | Smith | 10/02/01 | Document or testimony | Counter argument why evidence is insufficient; tender of countering evidence with explanation | Claim sustained or denied, with reason |

III. <u>Requirements for Selection of Vendor</u>:

  A. Experience in similar situations.

  B. Verified references from prior clients.

  C. Ability to meet deadlines.

  D. Sufficient hardware, software and personnel to perform task within deadlines set.

  E. Information must be maintained with proper security and in compliance with any federal statutes or regulation pertaining to medical records and with any protective order already issued or that will be issued.

      F.      Must provide means by which the parties can test the accuracy and usefulness of the database as it is being compiled and before it is delivered.

      G.      There must be internal quality control measures.

IV.    <u>Information to be Provided and to be Created</u>:

      A.      All existing electronically stored information must be subjected to optical character recognition to permit its seamless integration into the database to be created.

      B.      All hand written information must be coded to permit its seamless integration as well.

      C.      All information provided to the vendor, whether electronically stored or in hard copy, will be returned to the parties and preserved by them until the end of the litigation.

      D.      Information input into the system by counsel, stating why evidence is or is not sufficient, must be entered in a way that precludes the disclosures of earlier drafts of counsel's ultimate statements.

With these goals and requirements set out, the following three fundamental decisions will then have to be made:

      1.      Whether the database will be web-based or not. A web-based database permits universal access by counsel and the Court but may create security or other integrity concerns. A non-web-based database would require the delivery of the database by the parties to each other and then to the Court by electronic or other means.

2. Securing the vendor. The Sedona documents suggest a two-stage process. The first is to submit a request for information to various vendors to see if they have the capability to perform the task. The second is to follow up with a request for proposal addressed to those who qualify. It may also be possible to go directly to the request for proposal directed to vendors with whom counsel have dealt in the past or who come well recommended. The field of potential vendors could be limited by each side's proposing no more than three vendors and then seeking proposals from those six.

3. Software. A hosted solution, designed for this particular use, will be more expensive than having the information, once scanned and rendered capable of optical character recognition, input into commercially available software such as Concordance or Summation.

I would ask plaintiffs' counsel to arrange for a one half hour conference call between counsel and the Court (i.e. Magistrate Judge Facciola) to occur no later than October 31, 2008.

**SO ORDERED.**

                                                          /S/  
                                          JOHN M. FACCIOLA  
                                        U.S. MAGISTRATE JUDGE

Dated: October 22, 2008