UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEILA EL-AMIN, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>GEORGE WASHINGTON UNIVERSITY, *et al.*,<br><br>   Defendants. | Civil Action No. 95-2000 (CKK) |

**MEMORANDUM OPINION**
(June 16, 2009)

Currently before the Court is Magistrate Judge John M. Facciola's [739] October 3, 2008 Report and Recommendation (hereinafter "Magistrate Judge Facciola's Report"), pursuant to Local Civil Rule 72.3(a), on Defendant George Washington University's ("GWU") [728] Motion for an Order to Show Cause. Defendant has filed Objections to Magistrate Judge Facciola's Report and Recommendation, as provided for in Local Civil Rule 72.3(b). Upon searching consideration of the pleadings filed by each party, Magistrate Judge Facciola's Report, the relevant case law, and the entire record herein, the Court shall adopt the well-reasoned and thorough Report of Magistrate Judge Facciola in its entirety. Accordingly, the Court shall STRIKE Defendant's [728] Motion for an Order to Show Cause and shall disregard Plaintiff's submission via letter to Magistrate Judge Facciola's chambers, for the reasons set forth below.

**I. BACKGROUND**

The factual background of this case has been extensively discussed many times throughout the course of this litigation. *See El-Amin v. George Washington Univ.*, 533 F. Supp. 2d 12 (D.D.C. 2008); *El-Amin v. George Washington Univ.*, 522 F. Supp. 2d 135 (D.D.C. 2007); *El-Amin v.*

*George Washington Univ.*, No. 95-cv-2000, 2005 WL 3275997 (D.D.C. Aug. 31, 2005); *El-Amin v. George Washington Univ.*, No. 95-cv-2000, 2005 WL 485971 (D.D.C. Feb. 25, 2005); *El-Amin v. George Washington Univ.*, 26 F. Supp. 2d 162 (D.D.C. 1998). The Court therefore does not repeat the factual background herein, but shall set forth only those brief facts necessary to resolve the instant questions now before the Court. Plaintiffs are certified registered nurse anesthetists who brought this action on behalf of the United States under the qui tam provision of the False Claims Act, 31 U.S.C. §§ 3729-33, in 1995. Plaintiffs claim that GWU Hospital intentionally defrauded Medicare by submitting false claims between 1989 and 1995. Plaintiffs allege that the claims were false because GWU Hospital represented that the services were performed wholly by licensed anesthesiologists, but many services were performed in part by anesthetists or residents. *See* Magistrate Judge Facciola's Report at 2.

As Magistrate Judge Facciola observed in his Report, this case has been greatly complicated by the fact that the Medicare claim forms at issue no longer exist. Consequently, Plaintiff have been engaged in an effort to reconstruct the original claims using circumstantial evidence. *Id.* In a Memorandum Opinion dated February 4, 2008, this Court set forth certain minimum criteria that Plaintiffs must demonstrate in order to go forward with each claim. *El-Amin*, 533 F. Supp. 2d at 31, n.9. Specifically, Plaintiffs must show, at a minimum: (1) the date the claim was filed with Medicare; (2) the name of the attending anesthesiologist; (3) the type of medical procedure involved; and (4) the amount of the claim. *Id.*

On February 27, 2008, the parties appeared before this Court, at which time they agreed upon a schedule going forward. *See* 2/27/08 Order, Docket No. [726]. Plaintiffs agreed to produce, on or before April 9, 2008, a comprehensive list of all the claims they argue are fraudulent, identified by

the four criteria listed above.  Defendant was then given until May 21, 2008 to review the claims and lodge their objections with Plaintiffs. *Id.* at 1-2.  Defendant was specifically instructed to communicate with Plaintiffs regarding any objections to the claims' list, and not to file any additional pleadings. *Id.* at 2.  The parties were directed to work toward resolving any disputes independently and file a joint status report on June 23, 2008 in anticipation of a conference to be held on June 25. *Id.*

In accordance with the Court's order, Plaintiffs prepared two charts–one for liability only claims and one for damages claims–and sent them to counsel for Defendant on April 9. *See* Magistrate Judge Facciola's Report at 3.  Defendant began a review of these charts, and state that they reviewed over 700 entries without finding a single entry that they deemed compliant with the Court's Order. *Id.* at 4.  The parties conferred in late May, at which point Defendant asked Plaintiffs for an explanation of certain documents.  However, on May 21, rather than submit objections to Plaintiffs as ordered, Defendant sent Plaintiffs a letter stating that they objected in accordance with the Motion for an Order to Show Cause that they then filed with this Court. *Id.*  Defendant's Motion asks this Court to strike all of Plaintiffs' claims on the grounds that they do not comply with the Court's February 27, 2008 Order. *See generally* Def.'s Mot. for Order to Show Cause.

Thereafter, on June 25, 2008, the parties appeared at a joint status conference before this Court, at which time the Court referred Defendant's Motion for Order to Show Cause to Magistrate Judge Facciola for a Report and Recommendation on how to proceed. *See* 6/25/08 Order, Docket No. [733].  On July 7, 2008, Magistrate Judge Facciola issued a Minute Order stating that "[a]ll proceedings in this matter are hereby stayed, and there shall be no further submissions to the Court, until a status conference is held." 7/7/08 Min. Order.  A status conference was then scheduled for

August 14, 2008.  Despite the clear ban on submissions prior to the next status conference, Plaintiffs mailed a letter with an enclosed CD to Magistrate Judge Facciola's chambers on July 18, 2008.  *See* Magistrate Judge Facciola's Report at 4.  The CD contained what Plaintiffs claim was an updated version of the charts that Plaintiffs had submitted to Defendant on April 9, but in an Excel format.  A copy of the chart was also sent to Defendant.  *See id.*

On October 3, 2008, Magistrate Judge Facciola issued his Report, which recommended that Defendant's Motion for an Order to Show Cause be stricken and that Plaintiff's informal submission to chambers be disregarded.  Magistrate Judge Facciola's Report at 7.  Defendant thereafter timely filed its [740] Objections to Magistrate Judge Facciola's Report, and Plaintiffs subsequently filed their [742] Response to Defendant's Objections.

## II.  DISCUSSION

As set forth in Defendant's Objections, Defendant objects solely to that portion of Magistrate Judge Facciola's Report striking Defendant's [728] Motion for Order to Show Cause.  *See generally* Def.'s Objs.  Defendant contends that the motion did not violate the Court's February 27, 2008 Order, as determined by Magistrate Judge Facciola.  Upon review of the record, however, the Court agrees with Magistrate Judge Facciola that the Defendant's Motion was in violation of this Court's February 27, 2008 Order and should therefore be struck.  Defendant was explicitly instructed by this Court to provide "Plaintiffs–rather than the Court–with their objections to the claims that Plaintiffs identify and the exhibits that they rely upon," by May 21, 2008.  2/27/08 Order at 2.  However, on May 21, 2008—rather than providing objections directly to Plaintiffs as ordered—Defendant filed its Motion for an Order to Show Cause advising the Court of its many objections to Plaintiffs' claims and supporting documentation.  *See* Def.'s Mot. for Order to Show Cause, Docket No. [728].  It is

therefore clear that Defendant's Motion was filed in direct violation of this Court's February 27, 2009 Order, and the Court, in its discretion, agrees that the Motion should be struck. *See* Fed. R. Civ. P. 16(f)(c) (authorizing court to issue any just orders if a party or its attorney fails to obey a scheduling or other pretrial order); *cf Equal Rights Cent. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) (noting that district court has discretion to dismiss a motion for failure to comply with the meet and confer requirement).

As Defendant does not object to any other portion of Magistrate Judge Facciola's Report, which the Court finds to be well-reasoned and thorough, the Court shall adopt Magistrate Judge Facciola's October 3, 2008 Report and Recommendations in its entirety, pursuant to Local Civil Rule 72.3(c). Finally, the Court notes that the parties continue to work with Magistrate Judge Facciola to resolve these matters relating to Plaintiffs' claims list.

### III.  CONCLUSION

For the reasons set forth above, pursuant to Local Civil Rule 72.3(c), the Court shall adopt Magistrate Judge Facciola's October 3, 2008 Report and Recommendations in its entirety, including his recommendation to strike Defendant's [728] Motion for an Order to Show Cause for failure to comply with the Court's Orders.

Date:   June 16, 2009

>   */s/*
>   COLLEEN KOLLAR-KOTELLY
>   United States District Judge